UNITED STATES of America, Plaintiff—Appellee,

v.

Lionel Koia PARKER, Defendant—Appellant.

No. 00–10486.

D.C. No. CR–99–00091–DAE.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2002.*

Decided June 11, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SNEED, SKOPIL, and FARRIS, Circuit Judges.

### MEMORANDUM **

Lionel Koia Parker challenges his sentence, arguing that the district court erred by holding him responsible for a quantity a drugs greater than charged in his indictment and by refusing to grant a "safety valve" reduction. We affirm.

### DISCUSSION

#### 1. *Quantity of Drugs*

Parker was sentenced based on a quantity of drugs seized from his codefendants who stated that they were instructed to deliver the drugs to Parker. The court found the statements "corroborate and establish" that the quantity of drugs seized "was intended for delivery to the defendant." This evidence is sufficient to hold Parker accountable for the drugs. *See United States v. Aichele*, 941 F.2d 761, 766 (9th Cir.1991). Nothing in the record supports Parker's claim that the district court impermissibly based its sentence on his refusal to testify or present evidence at sentencing.

We reject Parker's claim that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court's finding regarding drug quantity did not expose him to a sentence greater than the "prescribed statutory maximum." *See United States v. Carranza*, 289 F.3d 634, 643 (9th Cir.2002). The district court was therefore not required to submit the quantity of drugs to a jury for proof beyond a reasonable doubt. *See United States v. Buckland*, 289 F.3d 558, 564–65 (9th Cir.2002) (en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, —— L.Ed.2d —— (2002); *United States v.*

*Mendoza–Paz*, 286 F.3d 1104, 1110–11 (9th Cir.2002).

#### 2. *Safety Valve Reduction*

Parker argues that he is entitled to a reduced sentence based on the safety valve provisions of 18 U.S.C. § 3553(f). The district court denied the reduction because Parker did not make a "truthful and unreserved exposition of his criminal activity." Parker contends that he told all that he knew and that the reduction is available even when a defendant "has no relevant or useful ... information to provide...." U.S.S.G. § 5C1.2(a)(5).

While we agree that the reduction is available to a defendant who provides "all information at his disposal," whether relevant or not, *see United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir.1996), the district court here found that Parker withheld information regarding other individuals involved in the conspiracy. Parker's "bare assertion" to the contrary is not sufficient to carry his burden of establishing eligibility. *See United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996). Moreover, the district court is not obligated to believe a story that "rings false." *See United States v. Lopez*, 163 F.3d 1142, 1143 (9th Cir. 1998). Finally, we reject Parker's contention that the district court's findings were insufficient to permit appellate review. *See United States v. Real–Hernandez*, 90 F.3d 356, 360 (9th Cir.1996).

### AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.