**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gabriel NIETO–CRUZ, Defendant—
Appellant.**

No. 03–50420.
D.C. No. CR–03–00013–TJH–3.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2004.[*]

Decided April 26, 2004.

Ronald L. Cheng, Scott M. Garringer, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

[*] This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Vicki Marolt Buchanan, Newport Beach, CA, for Defendant–Appellant.

Before SNEED, SKOPIL, and LEAVY, Circuit Judges.

### MEMORANDUM**

Gabriel Nieto–Cruz appeals the 120–month sentence imposed following his guilty plea to conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Nieto–Cruz contends the district court erred by denying him the benefit of safety-valve relief under U.S.S.G § 5C1.2 (incorporating the criteria of 18 U.S.C. § 3553(f)(1)-(5)). On the record before us, we cannot say that the district court clearly erred by finding that Nieto–Cruz had failed to provide the government with complete and truthful information concerning this offense. *See* 18 U.S.C. § 3553(f)(5); *United States v. Lopez*, 163 F.3d 1142, 1143–44 (9th Cir.1998).

Nieto–Cruz contends the district court erred by failing to make factual findings whether he was subjected to sentencing entrapment. The defendant has the burden of proving that he was a victim of sentencing entrapment because he had neither the intent nor the ability to produce the amount of drugs involved. *United States v. Naranjo*, 52 F.3d 245, 250 n. 13 (9th Cir.1995). Nieto–Cruz produced no evidence, other than his own assertions, regarding his lack of intent or lack of ability to arrange the sale 20 kilograms of cocaine. The district court found that Nieto–Cruz was critical to the deal. The district court doubted Nieto–Cruz's assertion that this drug transaction involving a large quantity of drugs was Nieto–Cruz's first drug transaction. The record is sufficient to show what facts the district court relied upon in finding that Nieto–Cruz did not adequately prove sentencing entrapment.

Nieto–Cruz contends the district court erred in denying his request for a "minor role" reduction in sentence pursuant to U.S.S.G. § 3B1.2(b). The downward adjustment for being a minor participant is a question of fact, and we conclude that the district court did not clearly err in finding that Nieto–Cruz was not a minor participant. *See United States v. Murillo*, 255 F.3d 1169, 1179 (9th Cir.2001).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

