**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Hagop CHOLAKIAN, aka Jack Cholakian, aka Hogop Cholakian,
Defendant—Appellant.**

No. 03–50406.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Nov. 8, 2005.*

Decided Nov. 28, 2005.

Becky S. Walker, Esq., Mark Aveis, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Brennan, Esq., Manhattan Beach, CA, for Defendant–Appellant.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Hagop Cholakian appeals his 120–month sentence imposed following his guilty plea conviction to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. This court reviews de novo the district court's interpretation of the Sentencing Guidelines, *United States v. Ochoa–Gaytan,* 265 F.3d 837, 841 (9th Cir.2001), but for clear error the factual basis for the district court's decision regarding an adjustment, *United States v. Velasco–Medina,* 305 F.3d 839, 853 (9th Cir.2002). We affirm.

Cholakian contends that the district court clearly erred when it found that he was ineligible for "safety valve" relief, pursuant to 18 U.S.C. § 3553(f). This contention fails because Cholakian did not provide truthful and complete information to the government regarding his offense conduct. *See* 18 U.S.C. § 3553(f)(5); *United States v. Lopez,* 163 F.3d 1142, 1143–44 (9th Cir.1998) (upholding denial of safety valve relief where defendant withheld information about a drug transaction and his version of events "rang false"); *United States v. Ajugwo,* 82 F.3d 925, 929–30 (9th Cir.1996) (upholding denial of safety valve reduction when evidence indicated that defendant had been "less than forthcoming" during meetings with the government).

Because Cholakian was not entitled to safety valve relief, and he was sentenced to the statutory mandatory minimum, his contention that the district court erred by denying his request for a downward adjustment for acceptance of responsibility is denied as moot. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (explaining that an issue is moot

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

when the injury complained of cannot be "redressed by a favorable judicial decision"); *United States v. Sharp*, 883 F.2d 829, 831 (9th Cir.1989) (stating that a district court cannot reduce a sentence based on mitigating factors below the statutory minimum).

Cholakian's motion to supplement briefing is denied. Because Cholakian was sentenced to the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(A), he cannot argue that his sentence might have been materially different had the sentencing judge known the federal guidelines were merely advisory as the relevant federal statute was unaffected by *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.