**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Allan Alexander HALLIDAY,
Defendant–Appellant.**

**No. 05–50206.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 24, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William P. Cole, Esq., Michelle P. Jennings, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Francisco Jose Sanchez, Jr., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Allan Alexander Halliday appeals from his 60–month sentence imposed by the district court following his guilty plea to conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's factual determination regarding whether a particular defendant qualifies for safety valve relief under 18 U.S.C. § 3553(f), *United States v. Franco–Lopez*, 312 F.3d 984, 988 (9th Cir.2002), and we affirm.

Halliday contends that the district court failed to make any findings regarding the reasons he did not qualify for safety valve relief. The record belies this contention.

Halliday also contends that the district court erred when it found him ineligible for safety valve relief. Upon review, we conclude that it was not clear error for the court to find Halliday ineligible for the safety valve because his recantation of in-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

formation concerning his co-defendants' involvement in the conspiracy casts doubts on his truthfulness. *See United States v. Lopez,* 163 F.3d 1142, 1144 (9th Cir.1998).

**AFFIRMED.**