UNITED STATES of America,
Plaintiff–Appellee,

v.

Javier OCHOA–GAYTAN, a.k.a.
Rodolfo Rodriguez–Ortega,
Defendant–Appellant.

No. 99–50366.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2001

Filed Sept. 7, 2001

---

Matthew C. Winter, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Patrick O'Toole, U.S. Attorney, Bruce R. Castetter, Assistant United States Attorney, Chief, Appellate Section, Criminal Division, Renee M. Bunker, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: HUG and B. FLETCHER, Circuit Judges, and ILLSTON, District Judge.*

---

* The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

BETTY B. FLETCHER, Circuit Judge:

We must decide whether the fact that a defendant attempted to suppress his confession and chose to proceed to trial rather than to plead guilty makes the defendant ineligible under the United States Sentencing Guidelines for a downward adjustment for acceptance of responsibility. Because we conclude that the Sentencing Guidelines create no such categorical ineligibility, we vacate the district court's sentence and remand for resentencing.

## BACKGROUND

On August 28, 1998, a border patrol agent found Ochoa–Gaytan and three others walking along a trail in California about two miles Northeast of the Mexican border. The agent briefly interviewed the individuals and concluded that they were Mexican citizens illegally present in the United States. The agent took them to the Brown Field Station for processing where a background investigation revealed that Ochoa–Gaytan, who was traveling under the alias Rodolfo Rodriquez–Ortega, had previously been deported and had previously been convicted of two felonies. After waiving his *Miranda* rights, Ochoa–Gaytan admitted to having been convicted of the crimes identified in the background investigation and stated that he knew it was illegal for him to return to the United States without permission. He further admitted to having entered and being present in the United States without permission and that Rodolfo Rodriquez–Ortega was an alias. Finally, Ochoa–Gaytan requested voluntary return to Mexico.. He was held for prosecution for illegal reentry.

On September 3, 1998, Ochoa–Gaytan was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.[1] The government did not offer Ochoa–Gaytan a plea agreement, and Ochoa–Gaytan chose to exercise his right to trial rather than plead guilty. After a one day trial, a jury convicted Ochoa–Gaytan for illegal reentry. At trial, Ochoa–Gaytan did not testify, nor did he call any witnesses or present any evidence.

After trial, a probation officer interviewed Ochoa–Gaytan in preparation of a presentence report (PSR). Ochoa–Gaytan reiterated the admissions he made to the border patrol agent and stated that he was "very sorry and would not have attempted to re-enter the United States if he had known it was such a serious crime." The PSR filed with the district court noted that Ochoa–Gaytan had admitted the "essential facts of the case" to the arresting agent

---

1. Section 1326 states in relevant part
   (a) In general
   Subject to subsection (b) of this section, any alien who—
   (1) has been ... deported[ ] or removed ... and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States, unless· (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
   shall be fined under Title 18, or imprisoned not more than 2 years, or both.
   (b) Criminal penalties for reentry of certain removed aliens
   Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—
   . . .
   (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under [Title 18], imprisoned not more than 20 years, or both. . . .
   8 U.S.C. § 1326.

and had accepted responsibility during his interview with the probation officer. It therefore recommended a downward adjustment of two levels under United States Sentencing Guidelines Manual (U.S.S.G.) § 3E1.1(a).[2] However, because Ochoa–Gaytan "did not enter a timely plea of guilty and put the government to the burden of preparing for trial," the PSR recommended that the district court not grant an additional one-level reduction under U.S.S.G. § 3E1.1(b).[3] Ochoa–Gaytan objected to the PSR's recommendation against an additional one-level adjustment under U.S.S.G. § 3E1.1(b), arguing that he was eligible for the one-level downward adjustment under § 3E1.1(b)(1), which requires only that a defendant timely provide complete information to the government concerning his involvement in the offense. After considering Ochoa–Gaytan's objection, the probation office filed an addendum to the PSR. In its addendum, the probation office reversed itself and recommended that the court grant Ochoa–Gaytan the additional one-level downward adjustment under § 3E1.1(b)(1), because he provided full disclosure to the border patrol agents at the time of his arrest.

At his sentencing hearing, contrary to the probation officer's recommendation, the district court denied Ochoa–Gaytan any adjustment for acceptance of responsi-

bility. The court specifically noted that Ochoa–Gaytan had moved to suppress his statements to the border patrol and that he required the government to prove his "factual guilt" at trial rather than pleading guilty. The district court held that under such circumstances, a defendant was not eligible for any adjustment for acceptance of responsibility under § 3E1.1. Ochoa–Gaytan now appeals the district court's decision to deny him an adjustment for acceptance of responsibility. He also argues that his sentence under § 1326(b)(2) (providing for an increased penalty for illegally present aliens who had previously been deported after having been convicted of an aggravated felony) violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the fact of his prior conviction was not alleged in the indictment nor was it presented to the jury.[4]

### DISCUSSION

### A. Acceptance of Responsibility

■ We review de novo a district court's interpretation of the Sentencing Guidelines. *United States v. King*, 246 F.3d 1166, 1176–77 (9th Cir.2001).

■ U.S.S.G. § 3E1.1(a) requires a sentencing court to reduce by two levels

---

**2.** U.S.S.G. § 3E1.1(a) states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."

**3.** U.S.S.G. § 3E1.1(b) states:
(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
decrease the offense level by 1 additional level.

**4.** Ochoa–Gaytan was charged under 8 U.S.C. § 1326. The district court had jurisdiction under 18 U.S.C. § 3231. After the district court entered a final judgment, Ochoa–Gaytan filed a timely notice of appeal. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

the offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense." In making the determination whether a defendant has accepted responsibility, the district court "may not consider against the defendant any constitutionally protected conduct." *United States v. Sitton,* 968 F.2d 947, 962 (9th Cir.1992). Thus, for example, while the district court "may deny the reduction because of a lack of contrition despite the increased costs imposed upon the defendant's choice to remain silent or to proceed to trial," the court "may not deny the reduction *because* of that choice in spite of other manifestations of sincere contrition." *Id.* (emphasis added).

■ Ochoa–Gaytan argues that despite evidence that he had accepted responsibility for his illegal reentry, the district court denied him an adjustment because he exercised his constitutional right to trial rather than pleading guilty and because he moved to suppress his confession. Additionally, he notes that the district court nowhere found that his expressions of remorse were not sincere or that he had not actually accepted responsibility. He concludes that the district court's denial was legal error. In response, the government argues that the district court was correct to deny Ochoa–Gaytan an adjustment for acceptance of responsibility because he "falsely denied the factual elements of his offense" at trial rather than pleading guilty and because he "fought admission of his confession into evidence by filing a

suppression motion and requiring the government to establish the validity of the *Miranda* warnings issued upon his arrest, and the voluntariness of his confession." [5] Ochoa–Gaytan has the better of the argument.

In this case, the district court stated that Ochoa–Gaytan was categorically ineligible for a downward adjustment for acceptance of responsibility because he failed to plead guilty:

> There's no factual dispute, really, that at the time of his arrest, he did admit that his status and-but the problem is, is that since he was brought into the court system, he's moved to suppress his statements. He went to trial. The issue was factual guilt. It wasn't to protect or preserve some constitutional issues. I mean, it's been an all-out attack on his conviction. And I don't see how 3E1.1 acceptance applies. Basically, that is a whole guideline inducement to facilitate pleading guilty and to sweeten the pot.
>
> . . . .
>
> ... [L]egally, I do not believe in any way that this adjustment applies on this kind of case . . . .

In so ruling, the district court committed legal error.

■ We have often noted that "a judge cannot rely upon the fact that a defendant refuses to plead guilty and insists on his right to trial as the basis for denying an acceptance of responsibility ad-

---

5. The government's repeated claim that, after having confessed upon his arrest, Ochoa–Gaytan "falsely denied the factual elements" of his offense at trial is simply inaccurate. Ochoa–Gaytan made no affirmative defense, called no witnesses, and presented no evidence. What Ochoa–Gaytan did do was require the government to satisfy its constitutional burden of proving beyond a reasonable doubt that he had committed the offense for which he was in-

dicted. In the context of an adjustment for acceptance of responsibility, the difference between requiring the government to satisfy its burden and falsely denying criminal conduct is crucial. *See* U.S.S.G. § 3E1.1 cmt. n. 1(a) (stating that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility").

justment." *United States v. Mohrbacher,* 182 F.3d 1041, 1052 (9th Cir.1999); *see United States v. McKinney,* 15 F.3d 849, 852 (9th Cir.1994); *United States v. Sitton,* 968 F.2d 947, 962 (9th Cir.1992). "Indeed, were a defendant *required* to plead guilty to be entitled to the reduction, the sentencing guidelines would penalize the exercise of the constitutional right to go to trial." *McKinney,* 15 F.3d at 852 (emphasis in original). Moreover, "[e]ven a defendant who contests his factual guilt may, under some circumstances, be entitled to such an adjustment." *Mohrbacher,* 182 F.3d at 1052.

▮ It is the defendant's burden to demonstrate acceptance of responsibility. U.S.S.G. § 3E1.1(a) ("If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."). Entry of a guilty plea prior to trial (combined with certain other actions), constitutes "significant evidence" of contrition. U.S.S.G. § 3E1.1 cmt. n. 3. Thus, a defendant's choice to go to trial deprives the defendant of this "significant evidence."

▮ However, a defendant's choice to exercise the constitutional right to trial and thus to hold the government to its burden-even where the defendant does not bring a constitutional challenge-does not automatically make the defendant ineligible for the adjustment. The "exercise of a constitutional right *cannot be held against a defendant* for the purpose of the adjustment [of acceptance of responsibility], although it may reduce the amount of evidence in his favor." *United States v. Vance,* 62 F.3d 1152, 1157 (9th Cir.1995) (emphasis added).

▮ Even without the "significant evidence" of a guilty plea, a defendant who chooses to go to trial may still exhibit sufficient contrition to merit an adjustment under § 3E1.1. In this regard, it is important to note that the first application note to § 3E1.1 provides a non-exhaustive list of criteria-other than a guilty plea-which a sentencing court should consider in determining whether a defendant has manifested acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n. 1. Significantly, a defendant who chooses to go to trial simply in order to put the government to its burden could satisfy every single one of the considerations listed in application note one.[6]

The district court based its ruling in large part on its interpretation of the second application note to § 3E1.1. That note concerns the circumstances under which a defendant may be eligible for an adjustment for acceptance of responsibility, even though she or he goes to trial. The note states, in relevant part:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional

---

**6.** Two of the criteria in application note one are relevant to the facts of this case. *See* U.S.S.G. § 3E1.1 cmt. n. 1(a) ("truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3"); *id.* cmt. n. 1(h) ("the timeliness of the defendant's conduct in manifesting the acceptance of responsibility"); *see also id.* cmt. n. 2 (stating that when a defendant goes to trial "a determination that a defendant has accepted responsibility will be based primari- ly upon pre-trial statements and conduct"). The district court failed to give any consideration to these factors. This failure is reversible error. *McKinney,* 15 F.3d at 852 n. 8; *see also Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

right to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do no relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

U.S.S.G. § 3E1.1 cmt. n. 2. The district court appears to have believed that because Ochoa–Gaytan did not plead guilty and instead went to trial in order to have the government prove his factual guilt, his conduct did not fall within the application note's description of the circumstances under which a defendant is eligible for an adjustment for acceptance of responsibility. However, we have explicitly held that application note two does not categorically exclude from eligibility for adjustment defendants who go to trial to contest their factual guilt. *McKinney*, 15 F.3d at 853 ("[Application note two] itself makes clear that the example was not intended to be exhaustive. We hold that, in appropriate circumstances the reduction is also available in cases in which the defendant manifests genuine contrition for his acts but nonetheless contests his factual guilt at trial.").

▆▆▆▆ The district court's reliance on the fact that Ochoa–Gaytan moved to suppress his statement to the border patrol agent as a basis for denying him a reduction for acceptance of responsibility is equally erroneous. The government may use a defendant's inculpatory statements made during custodial interrogation in the absence of counsel as evidence against the defendant only if the defendant has been appraised of her or his *Miranda* rights and has validly waived them. *Miranda v. Ariz.*, 384 U.S. 436, 478–79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Miranda* states a constitutional principle. *Dickerson v. United States*, 530 U.S. 428, 120 S.Ct. 2326, 2329–30, 147 L.Ed.2d 405 (2000).

Thus a defendant's challenge to the admissibility of a custodial statement on the basis of *Miranda* is constitutionally protected conduct. A district court may not, therefore, deny a defendant a reduction for acceptance of responsibility based on the defendant's attempt to suppress her or his custodial statement. *Cf. United States v. Vance*, 62 F.3d 1152, 1157 (9th Cir.1995) ("[T]he [district] court erred in holding it against Vance that he moved to suppress evidence before pleading guilty. Such a motion is an assertion of a constitutional right, and ... exercise of a constitutional right cannot be held against a defendant for the purposes of the adjustment [for acceptance of responsibility].").

The district court made no findings concerning whether Ochoa–Gaytan demonstrated contrition. Rather, it denied Ochoa–Gaytan a reduction for acceptance of responsibility only because he moved to suppress his custodial statements and proceeded to trial rather than plead guilty. We hold that the district court's denial was legal error and so we vacate Ochoa–Gaytan's sentence. Because the factual question of whether Ochoa–Gaytan has accepted responsibility should be decided, in the first instance, by the district court, we remand for resentencing. On remand, the district court should determine whether Ochoa–Gaytan has shown contrition for his offense, notwithstanding the fact that he exercised his constitutional rights. *See Sitton*, 968 F.2d at 962. In making this determination, the court should specifically consider the factors set forth in the first application note to § 3E1.1.

▆▆▆▆ If the district court finds that Ochoa–Gaytan has accepted responsibility under § 3E1.1(a), it should also award him the additional one-level adjustment under § 3E1.1(b). The additional level is available to a defendant whose offense level is 16 or greater prior to the adjustment au-

thorized by § 3E1.1(a) if the defendant has either "timely provid[ed] complete information to the government concerning his own involvement in the offense; or ... timely notif[ied] authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b). In the case of a defendant who does not plead guilty, the central inquiry for § 3E1.1(b) "is whether the confession was complete and timely." *United States v. Ruelas–Arreguin*, 219 F.3d 1056, 1062 (9th Cir.2000) (internal quotation marks and citation omitted). "The third level of adjustment is mandatory if the circumstances apply." *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997).

Ochoa–Gaytan's offense level was 24, not considering any adjustment for acceptance of responsibility. It is uncontested that upon his arrest, Ochoa–Gaytan gave a complete confession. As with the defendant in *Ruelas–Arreguin*, Ochoa–Gaytan "confirmed his prior criminal record and admitted ... that he was in the United States illegally, that he had been deported previously, and that he had used a false name." 219 F.3d at 1062. Because Ochoa–Gaytan timely admitted all the factual elements of the crime for which he was indicted, if the district court finds that he accepted responsibility under § 3E1.1(a), it should award him the additional level reduction under § 3E1.1(b).

## B. *Apprendi* Claim

■■■ The base penalty for illegal reentry after deportation is a maximum of two years imprisonment. 8 U.S.C. § 1326(a). If an alien illegally reenters after having been deported subsequent to a conviction for an aggravated felony, the maximum penalty increases to a maximum of twenty years imprisonment. 8 U.S.C. § 1326(b)(2). At his sentencing hearing, Ochoa–Gaytan conceded that he had been deported after having been convicted of an aggravated felony.[7] The district court therefore sentenced Ochoa–Gaytan to more than two years imprisonment for his illegal reentry. Ochoa–Gaytan argues that 8 U.S.C. § 1326(b)(2) is a substantive offense rather than a sentencing factor. Consequently, he argues that he should have been exposed to no more than two years imprisonment because his indictment did not allege that he had previously been convicted, the issue was not presented to the jury, and the government did not prove beyond a reasonable doubt that he had been convicted of an aggravated felony. He argues that the district court's imposition of a sixty-three month sentence was erroneous under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362–63.

■■■ As the government correctly notes, our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir. 2000), which was filed after Ochoa–Gaytan filed his supplemental brief that addressed the effect of *Apprendi* on his case, forecloses Ochoa–Gaytan's argument. In *Pacheco–Zepeda*, we considered the exact issue raised here. There, we considered the effect of *Apprendi* on *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct.

---

**7.** Defense counsel stated: "Your Honor, it's my impression that [the government] will probably be able to prove the issue of the aggravated felony at this hearing, so I will make my statements starting with a base offense level of 24." The remainder of the sentencing hearing concerned whether Ochoa–Gaytan was entitled to a reduction for acceptance of responsibility. Defense counsel did not argue the aggravated felony issue.

1219, 140 L.Ed.2d 350 (1998). *Almendarez–Torres* held that 8 U.S.C. § 1326(b)(2)-the statutory provision which was the basis for Ochoa–Gaytan's enhanced sentence-"simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." *Id.* at 226, 118 S.Ct. 1219. As a result, recidivism is not an element of the crime defined by § 1326 and so need not be charged in the indictment and proved beyond a reasonable doubt. *Id.* at 239, 118 S.Ct. 1219. Ochoa–Gaytan argues that *Apprendi* overrules *Almendarez–Torres*. However, in *Pacheco–Zepeda*, we held that the *Apprendi* Court "unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez–Torres*." 234 F.3d at 414. Ochoa–Gaytan also argues that *Apprendi* limits *Almendarez–Torres* to its facts and that, therefore, recidivism may be treated as a sentencing factor only in cases in which a defendant does not challenge the accuracy of his prior conviction, as was the case in *Almendarez–Torres*. In *Pacheco–Zepeda* we specifically considered and rejected this argument. *Id.* at 414–15.

*Almendarez–Torres* is controlling in this case. We therefore hold that the district court did not commit legal error in increasing Ochoa–Gaytan's sentence based on its finding that he had previously been deported after having been convicted of an aggravated felony.

### CONCLUSION

Because the district court committed reversible error in sentencing, we vacate Ochoa–Gaytan's sentence and remand for resentencing. On remand, the district court is to determine whether Ochoa–Gaytan accepted responsibility entitling him to either the two or the three-level downward adjustment. Because, under controlling precedent, recidivism is a sentencing factor rather than an element of a § 1326 offense, we hold that Ochoa–Gaytan's sentence does not violate *Apprendi*.

AFFIRMED in part, SENTENCE VACATED and REMANDED in part.