UNITED STATES of America, Plaintiff—Appellee,

v.

Stanley ACKERMAN, Defendant— Appellant.

No. 02–30010.

D.C. No. CR–01–00004–SEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 14, 2002.

Before TROTT, T.G. NELSON, and THOMAS, Circuit Judges.

### MEMORANDUM *

Stanley Ackerman appeals the district court's denial of his motion to suppress and his motions for judgment of acquittal, and the district court's refusal to make a downward adjustment in his sentence for acceptance of responsibility. Because the

facts are known to the parties, we do not recite them here. We affirm.

### I. Denial of Motion to Suppress Statement

Ackerman argues that the district court erred [1] in refusing to suppress his statement to law enforcement. "Coercive polic[e] activity is a necessary predicate to finding a confession involuntary." [2] There is no evidence that the officer engaged in any coercive activity in this case, thereby distinguishing it from *Mincey v. Arizona*.[3] The district court's determination that the officers' account of the brief interaction with Ackerman was credible is not clearly erroneous. Therefore, Ackerman cannot prevail on this claim.

### II. Denial of Motions for Judgment of Acquittal

Viewing the evidence in the light most favorable to the Government, we conclude that a rational jury could have found that Ackerman was driving at the time of the accident.[4] The Government presented plausible evidence that Ackerman was driving. The testimony from Dr. Lee and law enforcement personnel conflicted. The jury reasonably could have chosen to reject Dr. Lee's testimony, particularly because he did not account for why Ackerman was found in the driver's seat. Therefore, the district court did not err [5] in allowing this case to go to the jury.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review the district court's denial of a motion to suppress *de novo* and its factual findings for clear error. *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir.2002). The same standards apply to our review of a district court's determination that a confession is voluntary. *United States v. Male Juvenile (Pierre Y.)*, 280 F.3d 1008, 1022 (9th Cir.2002); *United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir.1998).

2. *United States v. Kelley*, 953 F.2d 562, 565 (9th Cir.1992) (internal quotation marks omitted).

3. 437 U.S. 385, 396–402, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978).

4. *See United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002).

5. We review the district court's denial of a motion for judgment of acquittal *de novo*. *Id.* at 641.

III. *Refusal to Make a Downward Adjustment for Acceptance of Responsibility*

The district court's factual findings support its conclusion that Ackerman failed to clearly demonstrate acceptance of responsibility.[6] The district court determined that Ackerman had made inconsistent statements about who was driving immediately after the accident. Further, the district court determined that overwhelming physical and medical evidence suggested that Ackerman was driving and that neither of the other occupants of the vehicle would have been able to switch places with him after the accident. These findings were proper and certainly not clearly erroneous.[7]

Ackerman argues that he was entitled to an acceptance of responsibility adjustment because he had no memory of the accident. He relies upon the commentary to United States Sentencing Guideline § 3E1.1 that states "[i]n rare situations a defendant may clearly demonstrate acceptance of responsibility ... even though he exercises his constitutional right to trial."[8] However, the commentary also states that, in such situations, "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct."[9] The district court considered Ackerman's pretrial statements and conduct and determined that he made inconsistent statements. Thus, Ackerman's pretrial statements and conduct did not clearly demonstrate acceptance of responsibility. Indeed, the only conduct that showed any real acceptance of responsibility was the letter Ackerman wrote several months after the verdict. Given these factual circumstances, the district court's determination that this letter did not clearly demonstrate acceptance of responsibility was proper and is not an abuse of discretion.

Neither *United States v. Cortes*[10] nor *United States v. Ochoa–Gaytan*[11] assist Ackerman's argument because those cases turned on the fact that the district court had not exercised its discretion.[12] In this case, it is clear that the district court recognized and exercised its discretion; it just chose not to do so in favor of Ackerman. It did not err.

AFFIRMED.

---

6. *See* U.S. Sentencing Guidelines Manual § 3E1.1(a) (2001).

7. We review the district court's application of the guidelines to the particular facts of the case in refusing to make a downward adjustment for abuse of discretion and its factual determinations for clear error. *United States v. Hicks*, 217 F.3d 1038, 1047 (9th Cir.2000); *United States v. Cortes*, 299 F.3d 1030, 1037 (9th Cir.2002).

8. U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n. 2.

9. *Id.*

10. 299 F.3d 1030.

11. 265 F.3d 837 (9th Cir.2001).

12. *See, e.g., Cortes*, 299 F.3d at 1039 (reversing the district court because the record did not make clear whether the district court had concluded that the defendant was automatically ineligible for a downward adjustment because he went to trial).