**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Daniel Omar COBIAN, Defendant—Appellant.**

No. 02–50507.

D.C. No. CR–01–02853–TJW.

United States Court of Appeals, Ninth Circuit.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted May 12, 2003.*

Decided May 20, 2003.

Before PREGERSON, REINHARDT and GRABER, Circuit Judges.

MEMORANDUM **

Daniel Omar Cobian appeals his jury conviction and sentence for importation of, and possession with intent to distribute, marijuana in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm

Cobian's conviction, vacate his sentence, and remand for resentencing.

Cobian contends that the district court erred by denying him a downward adjustment in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), because he confessed to the crime and expressed contrition immediately after arrest. We review de novo the district court's interpretation of the sentencing guidelines, *United States v. Ochoa–Gaytan,* 265 F.3d 837, 841 (9th Cir. 2001), review for clear error the factual basis for the district court's decision regarding an acceptance of responsibility adjustment, *United States v. Velasco–Medina,* 305 F.3d 839, 852–53 (9th Cir.2002), and review for abuse of discretion the district court's application of the Guidelines to a particular set of facts, *United States v. Hicks,* 217 F.3d 1038, 1047 (9th Cir.2000).

Cobian did not deny the essential factual elements of his guilt at trial and did not disqualify himself for the adjustment by exercising his rights to trial and to confront witnesses. *See Ochoa–Gaytan,* 265 F.3d at 841. ("The exercise of a constitutional right cannot be held against a defendant for the purpose of the adjustment [of acceptance of responsibility], although it may reduce the amount of evidence in his favor."). The district court erred by failing to consider Cobian's pre-trial statements and conduct on the ground that Cobian chose to go to trial. *Id.* at 843 n. 6; *see also* U.S.S.G. § 3E1.1, cmt. n. 2.

Because Cobian's adjusted offense level before adjustment under subsection 3E1.1(a) was 14, on remand Cobian is statutorily ineligible for the additional one-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**698**

point adjustment under U.S.S.G. § 3E1.1(b).

Cobian's *Apprendi* challenge to the statutes under which he was convicted is foreclosed by this court's decision in *United States v. Hernandez*, 322 F.3d 592 (9th Cir.2003).

Conviction **AFFIRMED**, sentence **VACATED** and **REMANDED** for resentencing.

GRABER, Circuit Judge, concurring in part and dissenting in part.

I concur in part and dissent in part.

I join the majority in affirming the conviction.

Unlike in *United States v. Ochoa–Gaytan*, 265 F.3d 837 (9th Cir.2001), the district court here did not deny the acceptance-of-responsibility departure because Defendant went to trial. Indeed, the district court expressly did not do that, recognizing both Defendant's right to go to trial and the court's obligation to look at other factors in analyzing the potential departure. The court permissibly relied on Defendant's strategy of trying to shift the blame to someone else and to claim that he was not responsible. I find neither legal error nor clear error in finding facts. Therefore, I would affirm the sentence as well as the conviction.