**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ricardo SAENZ–RAMIREZ, Defendant—Appellant.**

No. 02–50459.

D.C. No. CR–02–00060–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2003.*

Decided June 12, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Ricardo Saenz–Ramirez appeals the sentence imposed following his guilty plea to being an illegal alien found in the United States in violation of 8 U.S.C. § 1326(a). Saenz–Ramirez claims that the district court erred in refusing to adjust his sentence for acceptance of responsibility and in misconstruing his *pro se* request for a downward departure. We reject these claims and affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## DISCUSSION

### 1. *Acceptance of Responsibility*

This is not a case where a district court denied an adjustment for acceptance of responsibility because the defendant elected to go to trial. *See United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1333, 154 L.Ed.2d 1084 (2003), *United States v. Ochoa–Gaytan*, 265 F.3d 837, 842 (9th Cir. 2001). Rather, the record here indicates that the district court denied the adjustment because Saenz–Ramirez disputed the accuracy of his post-arrest confession, challenged the government's proof that he had not sought permission to re-enter this country, and repeatedly asserted during the sentencing hearing that he "committed no crime." Moreover, the court expressly stated in denying any adjustment for acceptance of responsibility that it was not relying upon the fact that Saenz–Ramirez chose to proceed to trial. We conclude that the district court did not err in denying the adjustment.

### 2. *Downward Departure*

Saenz–Ramirez asked the district court to order his immediate deportation based on family hardship. The court denied the request, explaining that it did not have the legal authority to order deportation. Saenz–Ramirez now claims that the district court should have liberally construed his request as a downward departure for extraordinary family circumstances. The record indicates, however, that the district court was fully aware of its discretion to consider a downward departure for extraordinary family circumstances. Many of the family's hardships were detailed in the presentence report. In addressing these hardships, the district court accepted Saenz–Ramirez' assertions as true but expressly found that they did not justify a departure. Thus, the record belies the claim the district court misconstrued his request or failed to exercise its discretion. The court's discretionary decision not to depart is unreviewable. *See United States v. Govan*, 152 F.3d 1088, 1095 (9th Cir. 1998).

**AFFIRMED.**