**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hubert Glenn HOFFMAN,**
**Defendant–Appellant.**

No. 03–50027.
D.C. No. CR–02–01123–DOC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 14, 2003.

Mark R. Rehe, San Diego, CA, for Plaintiff–Appellee.

Shereen J. Charlick, Marisa Lynne Dersey, San Diego, CA, for Defendant–Appellant.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Hubert Glenn Hoffman appeals his conviction and sentence for importing marijuana and for possessing it with intent to distribute. *See* 21 U.S.C. §§ 952, 960; 18 U.S.C. § 2. We affirm.

■ (1) Hoffman first asserts that his statements after his arrest should have been suppressed as involuntary.[1] He claims that the mere fact that the statements were taken after the so-called six-hour safe harbor period,[2] means that they must be suppressed. That is not the law, and in this case the district court did not err when it effectively determined that the excess delay, if any there was, did not require suppression. *See United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir.2002); *United States v. Padilla–Mendoza*, 157 F.3d 730, 731–32 (9th Cir.1998); *United States v. Van Poyck*, 77 F.3d 285, 288–89 (9th Cir.1996). Moreover, its determina-

tion that his will was not overborne due to his physical condition, or otherwise, was not erroneous. *See Gamez*, 301 F.3d at 1144; *United States v. Coleman*, 208 F.3d 786, 791 (9th Cir.2000); *United States v. Kelley*, 953 F.2d 562, 565 (9th Cir.1992). In fine, his confession was voluntary.

■ (2) Hoffman next claims that the evidence was insufficient to support his conviction.[3] *See* Fed.R.Crim.P. 29. We have reviewed the record and have determined that the evidence was sufficient to permit a rational juror to find Hoffman guilty of aiding and abetting[4] beyond a reasonable doubt. *See United States v. Gonzalez–Torres*, 309 F.3d 594, 598 (9th Cir.2002).

■ (3) Finally, Hoffman asserts that he was improperly denied an adjustment for acceptance of responsibility.[5] *See* USSG § 3E1.1.[6] However, we are unable to say that the district court clearly erred when it determined that Hoffman had not, in fact, accepted responsibility. *See United States v. Cortes*, 299 F.3d 1030, 1037 (9th Cir.2002); *United States v. Burrows*, 36 F.3d 875, 883 (9th Cir.1994). Of course, the mere fact that Hoffman went to trial would not deprive him of that adjustment. *See United States v. Ochoa–Gaytan*, 265 F.3d 837, 843 (9th Cir.2001). Nevertheless, while he did make admissions when arrested, his later position was that, due to his physical condition, he simply agreed to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 18 U.S.C. § 3501(c).

2. This issue was decided by Judge Hogan.

3. The trial was heard by Judge Hogan.

4. *See United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002); *United States v. Nel-*

*son*, 137 F.3d 1094, 1103 (9th Cir.1998); *United States v. Ramos–Rascon*, 8 F.3d 704, 711 (9th Cir.1993); *United States v. Vaughn*, 797 F.2d 1485, 1492 (9th Cir.1986).

5. The sentencing proceeding was conducted by Judge Carter.

6. All references to the Guidelines are to the November 1, 2002, version.

lines fed to him by the agents, and thereafter he never stated that he did accept responsibility for what he had done.

AFFIRMED.