UNITED STATES Of America, Plaintiff—Appellee,

v.

**Jorge Luis DELGADO–GUERRA, Defendant—Appellant.**

No. 04–10131.

D.C. No. CR–03–05268–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jason S. Hitt, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff-Appellee.

Mark E. Cullers, Office of the U.S. Attorney, Robert W. Rainwater, Asst. Federal Public Defender, Federal Public Defender's Office, Fresno, CA, for Defendant-Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM**

Jorge Luis Delgado–Guerra appeals his conviction and 84–month sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and remand in part.

█ Delgado–Guerra contends that he did not knowingly and intelligently waive his right to counsel because the district court failed to fully advise him of the three elements of self-representation. We conclude that the record as a whole demonstrates that Delgado–Guerra's waiver was voluntary and intelligent. *See United States v. Hernandez*, 203 F.3d 614, 624 n.13 (9th Cir.2000) (stating that when a district court grants a defendant the right

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to represent himself, a limited exception exists whereby a district court's failure to discuss each of the elements in open court will not necessitate automatic reversal if the record as a whole reveals a knowing and intelligent waiver).

 Delgado–Guerra also contends that the district court erred by enhancing his sentence based on a prior felony conviction that was not pled and proven at trial in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2000) (construing *Apprendi* to mean that the government is not required "to include [an alien's] prior aggravated felony convictions in the indictment, submit them to a jury, or prove them beyond a reasonable doubt").

 Lastly, Delgado–Guerra contends that the district court erred by failing to give him an additional one point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). We agree. Under the applicable 2002 United States Sentencing Guidelines, Delgado–Guerra is entitled to a third level adjustment because he timely provided complete information to the government concerning his own involvement in the offense. *See* U.S.S.G. § 3E1.1(b)(1); *United States v. Ochoa–Gaytan,* 265 F.3d 837, 844–45 (9th Cir. 2001) (stating that where the district court has granted the two point reduction for acceptance of responsibility, it should award the third point when the defendant timely admits all the factual elements for the crime for which he was indicted). Ac-

cordingly, we vacate the sentence and remand for re-sentencing consistent with this decision.

**AFFIRMED in part and VACATED and REMANDED in part.**