**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Pedro Agustin GUMAYAGAY, aka
Pedro Gumayagay, Defendant—
Appellant.**

No. 04–50080.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 29, 2005.

Elyssa Getreu, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, CLIFTON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Pedro Gumayagay, who was convicted of drug trafficking offenses, challenges his sentence on five independent grounds. We conclude that Gumayagay is entitled to a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), but we affirm his sentence in all other respects.

* This disposition is not appropriate for publication and may not be cited to or by the courts

■ Gumayagay argues that his sentence violates the Sixth Amendment because the jury found only that his offenses involved at least 500 grams of cocaine, while his sentence was based on a finding that he possessed 2399.5 grams of cocaine. We agree, because the district court increased Gumayagay's sentence under a system of mandatory guidelines. *See United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Accordingly, we remand this sentence to the district court "to answer the question whether [Gumayagay's] sentence would have been different had the court known that the Guidelines were advisory." *Ameline*, 409 F.3d at 1079.

■ We review the district court's refusal to grant a downward adjustment based on his role in the offense, under U.S.S.G. § 3B1.2, for clear error. *United States v. Murillo*, 255 F.3d 1169, 1179 (9th Cir.2001). The district court had a sound basis for denying Gumayagay's request, because a significant quantity of drugs "in itself is sufficient to deny a sentencing reduction." *Id.* Given that minor role adjustments "are to be used 'infrequently,'" we conclude that the district court's decision was not clearly erroneous. *United States v. Pinkney*, 15 F.3d 825, 828 (9th Cir.1994) (citation omitted).

■ In order to receive a downward adjustment under U.S.S.G. § 3E1.1, a defendant must "clearly demonstrate[ ] acceptance of responsibility for his offense." The adjustment is given only "[i]n rare situations" when a defendant goes to trial. *Id.*, application note 2. The record below shows that Gumayagay's pretrial statements were inconsistent and that he contested his factual guilt at trial. *Cf. id.* (stating that a downward adjustment

of this circuit except as provided by 9th Cir. R. 36–3.

might be proper "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt"). Moreover, in reviewing the denial of this adjustment, we "must afford the district court great deference because of its unique position to evaluate a defendant's acceptance of responsibility." *United States v. Wilson,* 392 F.3d 1055, 1061 (9th Cir.2004) (citation and quotation marks omitted). Under these circumstances, the district court did not clearly err in concluding that Gumayagay had failed to "manifest[ ] genuine contrition for his acts." *United States v. Ochoa–Gaytan,* 265 F.3d 837, 844 (9th Cir.2001) (citation omitted).

Gumayagay's delegation of authority argument is foreclosed by our recent decision in *United States v. Dupas,* 419 F.3d 916 (9th Cir.2005), where we held that a substantively identical condition was not plainly erroneous.

 Gumayagay's Fifth Amendment challenge is inapposite for two reasons. First, his claim is unripe, because the alleged Fifth Amendment violation could only occur if he reentered the country illegally, and we must assume that Gumayagay "will conduct [his] activities within the law." *O'Shea v. Littleton,* 414 U.S. 488, 497, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Second, even if this claim were ripe for review, the condition would not violate the Fifth Amendment because "the general obligation to appear and answer questions" does not constitute compelled self-incrimination. *Minnesota v. Murphy,* 465 U.S. 420, 427, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). The district court did not commit plain error by imposing this condition.

SENTENCE REMANDED.