**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Salvador CHAVEZ–RIVERA,**
**Defendant—Appellant.**

No. 04–50570.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2005.

Decided Dec. 12, 2005.

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Holly Sullivan, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Before: REINHARDT and RAWLINSON, Circuit Judges, and FOGEL,* District Judge.

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of

## MEMORANDUM **

Salvador Chavez–Rivera was convicted after a jury trial of violating Title 8 U.S.C. section 1326, and sentenced to 100 months in prison. He appeals his conviction and sentence, arguing that the district court erred in (1) finding that there was reasonable suspicion to stop the van in which he was riding and in denying his motion to suppress, (2) admitting a certificate of nonexistence of record (CNR) into evidence at trial, (3) finding that he did not accept responsibility for his crime, and (4) increasing his sentence based upon a prior deportation subsequent to a felony conviction that was not charged in the indictment. We affirm the district court's rulings, but remand the sentence pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

■ The district court found that the officer had reasonable suspicion to stop the van because he viewed an air freshener that he believed obstructed the driver's ability to see out of the windshield, a violation of California Vehicle Code section 26708(a)(2). We cannot conclude that the finding was clearly erroneous. It does not matter that the officer cited the wrong sub-section of the statute during the suppression hearing and at trial. *See United States v. Wallace,* 213 F.3d 1216, 1221 (9th Cir.2000). Accordingly, we cannot conclude that the district court erred in denying Chavez–Rivera's motion to suppress.

■ The CNR was properly admitted into evidence at trial. We have held that CNRs are not testimonial evidence. *United States v. Cervantes–Flores,* 421 F.3d 825 (9th Cir.2005).

The district court made a factual finding that Chavez–Rivera failed to accept responsibility or show contrition for his crime. Thus, this case is distinguishable from *United States v. Ochoa–Gaytan,* 265 F.3d 837 (9th Cir.2001), upon which Chavez–Rivera relies. The district court did not commit clear error in making this finding.

■ The district court sentenced Chavez–Rivera to 100 months in prison based upon its finding that Chavez–Rivera was deported subsequent to a conviction for a prior drug offense. Under *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000), the district judge was permitted to make such a finding even though the prior conviction and deportation were not charged in the indictment or admitted by Chavez–Rivera.

Chavez–Rivera is entitled to a limited remand so that the district court may consider whether "the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Ameline,* 409 F.3d at 1074; *see also United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005).

The conviction is **AFFIRMED**; the sentence is **REMANDED**.

California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.