**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose SANCHEZ–PIEDRA, Defendant—**
**Appellant.**

**No. 05–50471.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

Jose Sanchez–Piedra appeals the sentence imposed following his guilty plea to attempted entry after deportation in violation of 8 U.S.C. § 1326.

 Sanchez–Piedra contends that the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is severely limited and not valid as applied to his situation, and that the district court violated his constitutional rights in enhancing his sentence under 8 U.S.C. § 1326(b) based on a non-jury fact finding regarding his prior conviction. This contention is foreclosed by *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres,* even though it has been called into question, unless it is explicitly overruled by the Supreme Court). Similarly, there is no merit to Sanchez–Piedra's remaining contention that 8 U.S.C. § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Ochoa–Gaytan,* 265 F.3d 837, 845–46 (9th Cir.2001) (holding that *Apprendi* carved out an exception for prior convictions that specifically preserved the holding of *Almendarez–Torres* ).

**AFFIRMED.**