*United States v. Cruz,* 423 F.3d 1119, 1121 (9th Cir.2005) (per curiam).

**AFFIRMED.**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Daniel MEDINA–CISNEROS,
Defendant—Appellant.

No. 05–50398.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

Daniel Medina–Cisneros appeals the sentence imposed following his guilty plea to attempted entry after deportation in violation of 8 U.S.C. § 1326.

Medina–Cisneros contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law and that the district court violated his constitutional rights in enhancing his sentence under 8 U.S.C. § 1326(b) based on a non-jury fact finding regarding his prior conviction. This contention is foreclosed by *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres,* even though it has been called into question, unless it is explicitly overruled by the Supreme Court). Similarly, there is no merit

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to Medina–Cisnero's remaining contention that 8 U.S.C. § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Ochoa–Gaytan,* 265 F.3d 837, 845–46 (9th Cir.2001) (holding that *Apprendi* carved out an exception for prior convictions that specifically preserved the holding of *Almendarez–Torres*).

**AFFIRMED.**