**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan PEREZ–GONZALEZ, Defendant—Appellant.**

No. 05–50789.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Sept. 20, 2006.

Jessica M. Kass, United States Department of Justice, Southern District of California, San Diego, CA, for Plaintiff–Appellee.

Kris J. Kraus, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: WALLACE, O'SCANNLAIN, and WARDLAW, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Perez–Gonzalez appeals from his conviction under 8 U.S.C. § 1326 and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Perez–Gonzalez argues that the prosecutor committed misconduct in the closing argument by allegedly shifting the burden of proof and depriving Perez–Gonzalez of the reasonable doubt standard. We review for harmless error. *United States v. Weatherspoon,* 410 F.3d 1142, 1150 (9th Cir.2005). We have held that reasonable inferences that go beyond the actual evidence are permissible in closing arguments. *See United States v. Bracy,* 67 F.3d 1421, 1431 (9th Cir.1995). The record indicates that the prosecutor's statements were reasonable inferences and rhetorical questions that did not shift the burden of proof. *See also United States v. Quintana–Torres,* 235 F.3d 1197, 1200 (9th Cir.2000) ("a reasonable juror may well infer that the alien had the intention to be here when the alien is discovered at any location in the country other than the border. Such a conclusion is not a presumption of law. It is circumstantial proof that is convincing unless explained away"). Since no prosecutorial misconduct occurred, there was no error.

Next, we review de novo the district court's refusal to dismiss the indictment based on alleged instructional errors to the grand jury. *United States v. Marcucci,* 299 F.3d 1156, 1158 (9th Cir.2002). Perez–Gonzalez urges us to adopt the dissent in *United States v. Navarro–Vargas,* 408 F.3d 1184 (9th Cir.2005) (en banc), and hold that the grand jury instructions in his case constituted structural error. Since "a three-judge panel may not overrule [the binding precedent of our circuit] absent intervening Supreme Court or en banc authority," *United States v. Rodriguez–Lara,* 421 F.3d 932, 943 (9th Cir.2005), we are bound to follow our en banc decision in *Navarro–Vargas.*

Finally, Perez–Gonzalez unpersuasively argues that 8 U.S.C. § 1326 is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be limited to its facts. We review de novo the argument that Perez–Gonzalez's sentence violates *Apprendi. United States v. Smith,* 282 F.3d 758, 771 (9th Cir.2002). Perez–Gonzalez asserts that a majority of justices now believe that *Almendarez–Torres* was incorrectly decided, and therefore we should hold that the district court erred in increasing his sentence based on a prior conviction that was neither admitted nor submitted to a jury. We considered and rejected this argument in *United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005); *see also United States v. Almazan–Becerra,* 456 F.3d 949, 955 (9th Cir. 2006).

Additionally, we previously held that the Court's decision in *Apprendi* has not altered the constitutionality of the enhancement under 8 U.S.C. § 1326(b). *See U.S. v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005). In *United States v. Ochoa–Gaytan,* 265 F.3d 837 (9th Cir.2001) we held that *Apprendi* "unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez–Torres.*" 265 F.3d at 845–46,

quoting *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000).

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.