**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johnny Felix TALLABAS,**
**Defendant–Appellant.**

No. 07–10405.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed Aug. 15, 2008.

Shelley K.G. Clemens, Bruce M. Ferg, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Stephanie J. Meade, Law Office of Stephanie J. Meade, Tucson, AZ, for Defendant–Appellant.

Before: PAEZ and BERZON, Circuit Judges, and BAER, District Judge.*

## MEMORANDUM **

Defendant–Appellant Johnny Felix Tallabas appeals his conviction by a jury for the illegal transportation of aliens for profit in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(i). Tallabas contends that the trial court erred in denying his motion to suppress evidence. He alleges that the evidence resulted from an

---

* The Honorable Harold Baer, Jr., Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

illegal stop that lacked reasonable suspicion.

Tallabas also argues that the district court erred in its sentencing determination because: 1) it failed to grant a two-level downward departure for minor participation pursuant to § 3B1.2(b) of the U.S. Sentencing Guidelines; 2) it failed to grant a two-level downward departure for acceptance of responsibility pursuant to § 3E1.1(a); and 3) its determination was procedurally unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both the denial of the suppression motion and the sentencing determination.

█ The reasonable suspicion inquiry is a mixed question of law and fact that we review *de novo*. *United States v. Manzo–Jurado,* 457 F.3d 928, 934 (9th Cir.2006). We review the district court's findings of fact for clear error, *United States v. Lopez–Soto,* 205 F.3d 1101, 1103 (9th Cir. 2000). After carefully reviewing the record, we conclude that based on the totality of the circumstances relied upon by the officers before they made the stop, there was a "particularized and objective basis" to suspect that criminal activity was afoot. *United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Lopez–Soto,* 205 F.3d at 1105.

The testimony by the two officers included the following: the vehicle was heavily-weighted, though no cargo was visible; the vehicle was registered at a Phoenix address; a vehicle from Phoenix was unusual in this area; the vehicle was located on Federal Route 16, a remote road used principally by locals; the vehicle was close to the Mexican border where undocumented alien activity frequently occurs; and the officers had personal knowledge of illegal alien activity at the Martinez Compound, where the vehicle was first seen. *See United States v. Diaz–*

*Juarez,* 299 F.3d 1138, 1141 (9th Cir.2002); *United States v. Garcia–Camacho,* 53 F.3d 244, 249 (9th Cir.1995). On this record, we conclude that the officers had reasonable suspicion that criminal activity was afoot, and we therefore affirm the denial of the suppression motion.

█ Whether a defendant is a minor or minimal participant under U.S.S.G § 3B1.2 is a factual determination that we review for clear error. *United States v. Rodriguez–Cruz,* 255 F.3d 1054, 1060 (9th Cir. 2001). Tallabas failed to sustain his burden to demonstrate that he played a minor role in the illegal alien smuggling operation. *United States v. Howard,* 894 F.2d 1085, 1089–90 (9th Cir.1990); *Rodriguez–Cruz,* 255 F.3d at 1059–1060 (quoting U.S.S.G. § 3B1.2 cmt, n. 3).

Tallabas argues that he picked up the passengers because they were stranded in the desert; he only drove the passengers four miles; and his role as a "load driver" (a person hired to transport aliens to a secondary location, such as Phoenix or Tucson) is analogous to that of a drug courier. But the jury rejected Tallabas's testimony regarding how he came to pick up the passengers, and the reason Tallabas drove only four miles was that he was intercepted by law enforcement at that point, not that his driving responsibility had ended. As to the drug courier analogy, even if the analogy is proper, whether a drug courier is or is not a minor participant depends on the facts in the particular case. *See United States v. Hernandez–Franco,* 189 F.3d 1151, 1160 (9th Cir.1999). We cannot say that, in light of the evidentiary record, the district court's finding was clearly erroneous.

█ Tallabas also failed to sustain his burden to demonstrate acceptance of responsibility. *United States v. Ochoa–Gaytan,* 265 F.3d 837, 843 (9th Cir.2001) (citing

U.S.S.G. § 3E1.1(a)). A refusal to admit guilt and plead to the elements of the offense, including criminal intent, supports the denial of this two-point reduction. *United States v. Mohrbacher*, 182 F.3d 1041, 1052 (9th Cir.1999); *United States v. Lindholm*, 24 F.3d 1078, 1087 (9th Cir. 1994). Here, Tallabas did not plead guilty; there is no evidence that he made any pre-trial statements demonstrating acceptance of responsibility; and he maintained, both at trial and afterward, that he was not involved in a smuggling operation, but rather in a humanitarian endeavor. We therefore affirm the denial of this reduction.

Finally, while we review *de novo* a district court's application of the federal sentencing guidelines, where a defendant fails to object at sentencing to the court's application of the guidelines, we review for plain error. *United States v. Rodriguez–Lara*, 421 F.3d 932, 948–49 (9th Cir.2005). Although Tallabas requested consideration of mitigating factors pursuant to 18 U.S.C. § 3553(a), there was no objection at trial on the ground that the court did not sufficiently address and apply those factors.

The record indicates that the district court considered all submissions by the parties, personal letters of support, and Tallabas's proposed mitigating factors under 18 U.S.C. § 3553, as well as his criminal history. *See United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir.2006). Thus, we find no error in the sentencing, procedurally or substantively, and affirm the sentence determination.

**AFFIRMED.**