**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 11-50166 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00552-RHW-1 |
| v. | |
| **CESAR RICARDO GONZALEZ-GARCIA**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Submitted September 6, 2012[**]
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **WATFORD** and **HURWITZ**, Circuit
Judges.

**1.** We view the evidence "in the light most favorable to the prosecution"

and then ask whether "<u>any</u> rational trier of fact could have found the essential

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  <u>See</u> Fed. R. App. P. 34(a)(2).

elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Nevils, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc). Even if the evidence Gonzalez introduced supported the inference that he was born in the United States, the jury could reasonably resolve competing inferences "in favor of the prosecution." Jackson, 443 U.S. at 326.

This isn't one of the "exceptional cases" where a new trial is called for because "the evidence preponderates heavily against the verdict." United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation marks omitted). The government introduced several documents to establish Gonzalez's alienage, including a Mexican birth certificate and an amnesty application. The jury was entitled to credit this evidence over that introduced by Gonzalez.

**2.** Whether a juror was actually biased is a question of fact that we review for manifest error. Fields v. Brown, 503 F.3d 755, 767 (9th Cir. 2007) (en banc). Here defense counsel didn't alert the district court of the juror's alleged gasp until after trial, by which time neither the judge nor opposing counsel could recall hearing it. Even if there was a gasp, we cannot say the district court manifestly erred in concluding that the record did not support a finding of bias.

**3.**  The district court didn't find Gonzalez ineligible for the acceptance of responsibility adjustment solely because he went to trial.  Cf. United States v. Ochoa-Gaytan, 265 F.3d 837, 842–43 (9th Cir. 2001).  The denial of the adjustment wasn't an abuse of discretion, particularly because the court did mitigate Gonzalez's sentence in light of the fact that he grew up believing he was an American citizen.

**AFFIRMED.**