**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eufracio ARELLANO–SANDOVAL, Defendant–Appellant.**

No. 00–10057.

D.C. No. CR–99–00061–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001 *.

Decided Feb. 23, 2001.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

■ Because appellant Eufracio Arellano–Sandoval ("Sandoval") was convicted of a violation of 8 U.S.C. § 1326 (a continuing offense, which commences with the illegal re-entry and is completed upon being found, *United States v. Ruelas–Arreguin,* 219 F.3d 1056, 1061 (9th Cir.), *cert. denied,* 531 U.S. 1024, 121 S.Ct. 594, 148 L.Ed.2d 508 (2000), and because there was sufficient evidence to show that Sandoval committed part of the crime within two years of his release from prison, the district court properly added one point to his criminal history). U.S.S.G. § 4A1.1(e).

■ Sandoval's argument—that the district court erroneously believed it lacked the discretion to depart downward because he was subject to an INS detainer—fails because the INS detainer is inextricably tied to Sandoval's status as a deportable alien, a factor which is "part and parcel" of the crime Sandoval committed and which has already been taken into account by the Sentencing Commission. *United States v. Martinez–Ramos,* 184 F.3d 1055, 1057–58 (9th Cir.1999). The district court correctly determined that *Martinez–Ramos* precluded a downward departure on this basis.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, Sandoval's argument that a prior felony conviction is an element of the offense which must be pled in the indictment, and that the government's failure to do so renders a sentence in excess of two years illegal is, as Sandoval concedes, foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). As we have recently noted, the Court expressly preserved *Almendarez–Torres* as a "narrow exception" to the general rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir. 2000).

AFFIRMED.