**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro RAMIREZ–RODRIGUEZ, aka Rodrigo Ramirez, aka Jorge Pedro Rodriguez, aka Jorge Rodriguez–Ramirez, aka Rodrigo Rodriguez, aka Jorge Rodriguez, aka Pedro Rodriguez, aka Pasqual Ramirez–Baltazar,**

aka Jorge Jose Rodriguez, aka Javier Santos–Ramirez, aka Avilardo Rodriquez, and aka John Doe, Defendant–Appellant.

No. 00–50282.

D.C. No. CR–99–00686–WDK–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2001.

Decided April 19, 2001.

Before HUG, DUHÉ,* and TALLMAN, Circuit Judges.

## MEMORANDUM **

Pedro Ramirez–Rodriguez ("Ramirez") entered a plea of guilty to being found unlawfully in the United States after having been deported in violation of 8 U.S.C. § 1326. The plea agreement into which Ramirez entered preserved his right to appeal the district court's determination that venue was proper in the Central District of California. On appeal, Ramirez contends that the district court erred in denying his motion to dismiss the indictment for improper venue, or, in the alternative, to transfer venue to the Eastern District of California. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The United States Constitution and the Federal Rules of Criminal Procedure require that venue lie in the district where

---

* The Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the crime was committed. *See* U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Fed.R.Crim.P. 18. To decide whether the district court correctly determined that venue was proper in the Central District of California, we must first identify the conduct which constituted the offense and discern the location of the commission of the criminal act. *See United States v. Rodriguez–Moreno,* 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999); *United States v. Ruelas–Arreguin,* 219 F.3d 1056, 1061 (9th Cir.2000). Under 8 U.S.C. § 1326, the offense for which Ramirez was indicted, a deported alien may be convicted for either (1) entering, (2) attempting to enter, or (3) being "found in" the United States. *See* 8 U.S.C. § 1326(a)(2); *Ruelas–Arreguin,* 219 F.3d at 1061.

 The crime of being "found in" the United States is a continuing offense that begins with the illegal entry and is completed when the "alien is discovered and identified by the immigration authorities." *Ruelas–Arreguin,* 219 F.3d at 1061 (*quoting United States v. Hernandez,* 189 F.3d 785, 791 (9th Cir.1999)). As a continuing offense, "[v]enue may lie in any district in which the continuing conduct has occurred." *Ruelas–Arreguin,* 219 F.3d at 1061 (*quoting United States v. Barnard,* 490 F.2d 907, 910 (9th Cir.1973)). Ramirez contends that he was "found in" the Eastern District of California when the California Department of Corrections acknowledged receipt of Ramirez's INS detainer and advised the INS that Ramirez was incarcerated at the Wasco State Prison. The district court determined that venue was proper in the Central District of California because the INS issued an immigration detainer against Ramirez while he was incarcerated at the Ventura County Jail. We agree that venue was proper in the Central District of California.

It is undisputed that the INS placed a federal detainer on Ramirez while he was incarcerated in the Central District of California. The INS addressed the detainer to the "Sheriff of the Ventura County Jail." The detainer referenced Ramirez's "A–File" number. There is a dispute as to whether Ramirez was "found" at that time or later when California corrections officials acknowledged receipt of his INS detainer and notified INS officials that Ramirez was incarcerated at Wasco State Prison. We need not address that dispute, however, because Ramirez's crime commenced in the Southern District of California where he entered the United States and continued until he was "found" by immigration officials. Venue was proper in any district in which Ramirez's continuing conduct occurred. *See id.* Ramirez concedes that he resided in Ventura County in the Central District of California for four years prior to his arrest and conviction for petty theft. Thus, Ramirez's crime continued in the Central District prior to being "found" and venue was proper in that District. Accordingly, we affirm the district court's denial of the motion to dismiss for improper venue or, in the alternative, to transfer venue to the Eastern District of California.

AFFIRM