**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector MOURRA–LOZANO,**
**Defendant–Appellant.**

No. 00–50143.

D.C. No. CR 98–00509–B–39–LGB.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2001 *.

Decided May 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before MAGILL **, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM ***

 The central inquiry in determining whether a confession qualifies for the § 3E1.1(b)(1) adjustment is "whether the confession was complete and timely." *United States v. Blanco-Gallegos,* 188 F.3d 1072, 1077 (9th Cir.1999). Defendant's assertion that he knew he had engaged in wrongdoing and bore responsi-

bility for his actions is not the type of complete admission to all elements of the charged crime required under the Guidelines before awarding the additional enhancement. *See United States v. Ruelas-Arreguin,* 219 F.3d 1056, 1062 (9th Cir.2000) (deeming admission of all elements of charged crime sufficient to merit reduction); *see also United States v. Colussi,* 22 F.3d 218, 221 (9th Cir. 1994) (noting defendant was not eligible for a reduction under § 3E1.1(b)(1) despite telling police at arrest, "You got me. I did it."). A general admission of wrongdoing when confronted with the evidence the government had already obtained does not constitute the necessary assistance in investigation or prosecution necessary to warrant the additional reduction. Regardless of the extent of the evidence the government showed to Defendant before he admitted wrongdoing, "I know what I did was wrong and should be responsible" is too vague to be considered a complete confession to all elements of the charged crime. Based on this standard, the district court did not clearly err in finding that Defendant's non-specific statement of guilt and responsibility was not complete enough to entitle him to the reduction.

Defendant's consent to the search of his hotel room does not change the analysis. Not requiring the government to procure a warrant is not the sort of affirmative assistance in the investigation or prosecution of misconduct required for the reduction under the Guidelines.

AFFIRMED.

** The Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.