**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Jose Mario ALFARO, a/k/a**
**Noel Abenbdano–Brilla,**
**Defendant–Appellant.**

No. 02–30373.

D.C. No. CR–02–00061–FVS.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jose Mario Alfaro appeals his guilty plea conviction and 70–month sentence for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995), and the existence of venue and legality of a sentence guideline de novo, *United States v. Ruelas–Arreguin,* 219 F.3d 1056, 1057 (9th Cir.2000) (venue); *United States v. Jackson,* 176 F.3d 1175, 1176 (9th Cir.1999) (guideline sentence). We affirm.

Alfaro contends that the district court erred by denying his motion to withdraw his guilty plea on the grounds that venue was improper. He sought to transfer venue to the Western District of Washington, where he was arrested for a drug offense following re-entry. Venue was proper in this action because immigration authorities discovered Alfaro while he was incarcerated in the Eastern District of Washington. *See United States v. Ruelas–Arreguin,* 219 F.3d 1056, 1061 (9th Cir.2000) (the crime of illegal re-entry after deportation is completed when an alien is "discovered" and identified by immigration authorities).

Alfaro's contention that the district court erred in enhancing his offense level by 16 levels because the indictment did not allege that his prior conviction was an aggravated felony is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000).

AFFIRMED.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.