United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50029

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THERESA LUCRETIA STRAIN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, Midland
USDC No. MO-03-CR-83-ALL

_____

ON PETITION FOR REHEARING

(Opinion 1/10/05, 5 Cir., United States v. Strain, 396 F.3d 689)

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:

The government has filed a petition for rehearing. The petition does not challenge this court's substantive holding -- i.e., that the prosecution failed to prove that venue was proper in the Western District of Texas. Instead, the government contends that we erred in remanding for a judgment of acquittal, and that the proper remedy would have been dismissal of Strain's conviction without prejudice. As explained below, the contention is meritless.

The government does not contend that acquittal was improper under this circuit's own case law; it plainly is not. This court has never squarely addressed the question whether, or under what circumstances, acquittal may be an appropriate remedy for failure to prove venue. We have, however, consistently held that an objection to venue is preserved by a Rule 29 motion for acquittal. See, e.g., United States v. Carreon-Palacio, 267 F.3d 381, 393 (5th Cir. 2001).

Instead, the government contends that "a judgment of acquittal does not appear to be in accordance with other circuits". This is incorrect. In United States v. Greene, the Eighth Circuit remanded for a judgment of acquittal where, as here, the government failed to prove venue and the defendant preserved his venue objection via a motion for acquittal. 995 F.2d 793, 802 (8th Cir. 1993). Moreover, where, as here, the government tries a case to a jury verdict but fails to prove venue by a preponderance of the evidence, federal district courts routinely grant Rule 29 motions for acquittal. See, e.g., United States v. Mikell, 163 F. Supp. 2d 720, 743 (E.D. Mich. 2001).

The government nonetheless asserts that "several other circuits have concluded that the proper remedy for improper venue is vacation of the conviction and dismissal of the indictment". This argument is a significant overstatement; none of the circuits

has held that dismissal is the sole appropriate remedy for lack of venue, or that remand for acquittal is inappropriate per se.

In support of its argument, the government cites five cases from various circuits. Four are simply instances in which an appeals court has decided to order some remedy other than acquittal.[*] As such, they are largely irrelevant to the narrow question raised by the petition -- i.e., whether acquittal may be the proper result where the government tries a case to jury verdict but fails to prove venue by a preponderance.

In the one remaining case, United States v. Ruelas-Arreguin, the Ninth Circuit notes (in dicta within a footnote) that, where venue is improperly laid, the district court should transfer the case or dismiss without prejudice, rather than granting acquittal. 219 F.3d 1056, 1060 n.1 (9th Cir. 2000). Although this position arguably is in conflict with our decision in Strain, Ruelas-Arreguin is not particularly persuasive precedent -- the dicta in question has never been cited with approval by the Ninth Circuit or any other court.

---

[*] See United States v. Salinas, 373 F.3d 161, 162 (1st Cir. 2004)(dismissing a grand jury indictment without prejudice, where the defendant pled guilty, but preserved objection pursuant to FED. R. CRIM. P. 11(a)(2)); United States v. Stewart, 256 F.3d 231, 235 (4th Cir. 2001) (vacating conviction and sentence due to improper venue); United States v. Liang, 224 F.3d 1057, 1062 (9th Cir. 2000) (dismissing an indictment for lack of venue); United States v. Brennan, 183 F.3d 139, 151 (2d Cir. 1999) (dismissing mail fraud indictment against corporate defendant without prejudice for lack of venue).

Finally, the government contends that, because venue need be proven only by a preponderance of the evidence, "a resolution of venue in [the defendant's] favor should not produce an acquittal". The government fails to offer any explanation as to why we should adopt this ipse dixit as law. Although not an element in the traditional statutory sense, venue is nonetheless a constitutionally-imposed element of every crime. See, e.g., United States v. Winship, 724 F.2d 1116, 1124 (5th Cir. 1984). In this case, venue turned on a question of the sufficiency of evidence and was put before a jury. The fact that the jury reached a verdict not supported by evidence -- and subsequently reversed by this court -- does not entitle the government to a second chance at prosecution.

In sum, this court's decision in Strain is well within the mainstream of federal jurisprudence on venue. The petition for rehearing is

DENIED.