**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adolfo CAUDILLO–INFANTE,**
**Defendant–Appellant.**

**No. 06–50112.**

United States Court of Appeals,
Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

Submitted Feb. 6, 2007.*

Filed May 4, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Valerie Chu, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Adolfo Caudillo–Infante appeals from his jury conviction and sentence for being an alien found in the United States after having been removed following a conviction for an aggravated felony. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. Caudillo–Infante's appeal raises seven issues, none of which we find persuasive.

**1.** Caudillo–Infante contends that he is entitled to collaterally attack his underlying removal because it serves as a predicate element of his conviction. *See United States v. Mendoza–Lopez*, 481 U.S. 828, 837–38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). Caudillo–Infante further contends that he did not waive his right to collaterally attack the removal proceedings by failing to appeal the IJ's decision to the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals because he claims that the IJ's improper advice barred him from making a considered and intelligent waiver. *See United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048 (9th Cir.2004) (holding that a waiver of the right to appeal a removal order does not comport with due process when it is not considered and intelligent). Even accepting that Caudillo–Infante's failure to appeal did not constitute a waiver of his right to collaterally attack the removal order, he is not entitled to relief.

Caudillo–Infante admits that to have been eligible for relief, he would have had to simultaneously obtain a waiver under 8 U.S.C. § 1182(h) and an adjustment of status under 8 U.S.C. § 1255. He has not shown that he could have obtained an adjustment of status because (a) he was not "an alien who was inspected and admitted or paroled into the United States" under 8 U.S.C. § 1255(a), (b) he did not qualify as admissible because of his conviction,[1] and (c) there was no showing that a visa was immediately available. *See Hernandez v. Ashcroft*, 345 F.3d 824, 843 (9th Cir.2003) ("[F]or an applicant to be eligible for adjustment of status, an immigrant visa must be immediately available at the time of filing."). Moreover, Caudillo–Infante has not shown that he could have demonstrated extreme hardship to his relatives as required for a waiver under 8 U.S.C. § 1182(h).[2] Although the IJ knew that Caudillo–Infante's father filed an I–130 pe-

tition on his behalf in 1992, there was no indication that any further action had ever been taken.[3] In sum, Caudillo–Infante has not shown that at the time of his proceedings before the IJ there was a reasonable possibility that he might be eligible for relief. *See Moran–Enriquez v. INS*, 884 F.2d 420, 423 (9th Cir.1989). Accordingly, his challenge to his removal order must be rejected.

■ **2.** We reject Caudillo–Infante's argument that there was not sufficient evidence to support the jury's determination that he was found within the Southern District of California. Border Patrol Agent Zachery testified at trial that Caudillo–Infante was the person driving the car he followed when the car exited the freeway in the Southern District of California on January 5, 2005. Although the jury was not compelled to believe Zachery, his testimony is sufficient to support the jury's factual finding. *See United States v. Guzman–Bruno*, 27 F.3d 420, 422 (9th Cir.1994).

**3.** To the extent that Caudillo–Infante's contentions that he was not discovered and identified in the Southern District of California include a challenge to venue in that district we hold that venue was proper in the Southern District of California. *See United States v. Ruelas–Arreguin*, 219 F.3d 1056, 1061–62 (9th Cir.2000).

■ **4.** Caudillo–Infante objects to the district court's refusal to submit jury in-

---

**1.** *See* 8 U.S.C. § 1182(a)(2)(A)(I) (an alien who has been convicted of a crime of moral turpitude is inadmissible); *see also Rashtabadi v. INS*, 23 F.3d 1562, 1568 (9th Cir.1994) (holding that grand theft is a crime of moral turpitude).

**2.** *See* 8 U.S.C. § 1255(h)(1)(B). *See also United States v. Arrieta*, 224 F.3d 1076, 1082 (9th Cir.2000) (holding that economic hardship and the difficulty of relocating do not constitute extreme hardship).

**3.** The approval of an I–130 petition does not confer lawful immigration status. *Ngongo v. Ashcroft*, 397 F.3d 821, 823 (9th Cir.2005). Rather, it is a prerequisite for the nonresident alien to later file a Form I–485 Application for Adjustment to Lawful Permanent Resident Status when an immigration visa becomes available. *See United States v. Karaouni*, 379 F.3d 1139, 1141 (9th Cir.2004).

structions he proposed, asserting that if he had been found in the United States on September 27, 2001, or in May 2004, rather than January 5, 2005, the jury should acquit him. We review the denial of a defendant's jury instructions de novo. *United States v. Wiseman*, 274 F.3d 1235, 1240 (9th Cir.2001); *United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1191, 1196–97 (9th Cir.2000). Caudillo–Infante's objections are not persuasive. Even accepting that Caudillo–Infante applied for a California driver's license on September 27, 2001, and that a prior complaint charging Caudillo–Infante with violating § 1326 issued on May 26, 2004, this evidence would not constitute a defense to the current charge because it would not support a finding that Caudillo–Infante had been discovered and identified by federal authorities prior to January 5, 2005.

5. Caudillo–Infante also contends that the district court violated his rights by stopping him from questioning witnesses and producing evidence that he was discovered and identified by immigration authorities long before the date alleged in the indictment. We review the district court's decision to preclude a defendant's proffered evidence de novo. *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004); *United States v. Moreno*, 102 F.3d 994, 997 (9th Cir.1996). The district court did not err in declining defendant's proffered evidence. The cross-examination and the additional evidence that Caudillo–Infante sought to present concerned his application for a state driver's license in 2001 and the issuance of a complaint against him in 2004. As noted, these facts did not constitute a defense to the charge against Caudillo–Infante, and accordingly, the district court properly excluded them under Federal Rule of Evidence 403.

6. Caudillo–Infante next argues that the district court, despite determining that he was stopped in violation of the Fourth Amendment, failed to suppress the fingerprints that were taken following the arrest, and admitted a second set of fingerprints that it had allowed the government to take. Although we have held that "if fingerprints are taken for investigatory purposes they must be suppressed in a criminal trial," *United States v. Ortiz–Hernandez*, 427 F.3d 567, 576 (9th Cir.2005), we have also held that even when a person is detained in violation of the Fourth Amendment, the identity of the defendant is never itself suppressible. *United States v. Garcia–Beltran*, 443 F.3d 1126, 1132 (9th Cir.2006) ("The Ninth Circuit has consistently held that evidence concerning the identity of a defendant, obtained after an illegal police action, is not suppressible as 'fruit of the poisonous tree.'"). Whatever tension may exist between these two holdings is of no moment in this case because we determine that when Caudillo–Infante was fingerprinted on January 5, 2005, it was for identification purposes, not investigatory purposes. Accordingly, to the extent that the district court admitted evidence of the January 5, 2005, fingerprints, there was no violation of Caudillo–Infante's rights under the Fourth Amendment.

Caudillo–Infante's objections to the admission of the second set of fingerprints are foreclosed by our opinion in *Garcia–Beltran*, 443 F.3d at 1134 (allowing use of exemplar fingerprints even when original sets of fingerprints are rightfully suppressed) (citing *Ortiz–Hernandez*, 427 F.3d at 577).

We further note that Caudillo–Infante, in challenging the admissibility of the fingerprints taken on January 5, 2005, also objected that the district court had allowed the arresting officer to testify about events that occurred that day, prior to the arrest. Caudillo–Infante, however, never offers

any explanation for his conclusory objection. To the extent that Caudillo–Infante's objection is not mooted by our determination that the fingerprints taken on January 5, 2005, were taken for identification purposes, the objection fails because Caudillo–Infante offered no authority requiring a court to suppress all evidence of what occurred prior to an illegal stop.

■ 7. Finally, Caudillo–Infante challenges his sentence of 46–months' incarceration on the ground that the determination that he had been deported after having suffered a prior conviction for an aggravated felony should have been presented to, and decided by, a jury, not the judge. Caudillo–Infante's arguments are foreclosed by the Supreme Court's opinion in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and this court's consistent adherence to that opinion. *See United States v. Torres–Hernandez*, 447 F.3d 699, 706 (9th Cir.2006); and *United States v. Quintana–Quintana*, 383 F.3d 1052 (9th Cir.2004). We also note that (a) the jury was instructed that the government had to prove that Caudillo–Infante had been removed from the United States, (b) the government presented evidence that Caudillo was removed on July 24, 2000, and (c) the jury convicted Caudillo–Infante.

For the forgoing reasons, Caudillo–Infante's conviction and sentence are **AFFIRMED**.

LEAVY, Circuit Judge, concurring:

I concur with the exception of Section 1. Caudillo–Infante reserved his right to appeal, but did not exercise his right to appeal the removal order. Therefore, pursuant to 8 U.S.C. § 1326(d)[1], he failed to exhaust his administrative remedy, and we are precluded from reaching the merits of his attack. According to the majority, Caudillo–Infante's failure to exhaust his administrative appeal is treated as if Caudillo–Infante defectively waived his right to appeal, thus ignoring the requirements of § 1326(d).

The record discloses that the IJ explained to Caudillo–Infante the reasons why various avenues of relief from removal were unavailable to him. The record also discloses that the IJ explained to Caudillo–Infante the appeal paperwork, provided the forms, and advised him of the appeal deadline. Caudillo–Infante did not exercise his right to appeal within the thirty-day allotted time. Under 8 U.S.C. § 1326(d)(1), this failure is fatal to his collateral challenge. *See United States v. Hinojosa–Perez*, 206 F.3d 832, 835–36 (9th Cir.2000).

Under the majority's approach, it becomes more advantageous for an alien to reserve the right to appeal and let his appeal time expire rather than affirmatively waive the right to appeal. If an alien knowingly waives his right to appeal, he cannot later collaterally attack the removal order. *See United States v. Estrada–Torres*, 179 F.3d 776, 780–81 (9th Cir.1999), *overruled on other grounds by United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001). The government bears the burden of proving a considered and intelligent waiver. *See United States v. Lopez–*

---

1. 8 U.S.C. 1326(d): Limitation on collateral attack on underlying deportation order:

> In a criminal proceeding under this section [reentry of removed aliens], an alien may not challenge the validity of the deportation order ... unless the alien demonstrates that—

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

*Vasquez,* 1 F.3d 751, 753–54 (9th Cir.1993). An alien can establish that his waiver was not considered and intelligent under the Due Process Clause of the Fifth Amendment if he can show, for example, that he was not personally informed of the right to appeal, or that the IJ failed to advise him of apparent eligibility to apply for relief from removal. *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048–50 (9th Cir.2004); *United States v. Muro–Inclan,* 249 F.3d 1180, 1182–83 (9th Cir.2001).

By contrast, when the IJ personally advises the alien of the absence of avenues for relief and also of the right to appeal, and the alien reserves his right to appeal and fails to exercise that right within the alloted time, as Caudillo–Infante did in this case, the majority has proceeded directly and unnecessarily to a review of whether the IJ incorrectly advised Caudillo–Infante that there was no reasonable possibility that he was eligible for relief from removal. Administrative exhaustion has therefore become irrelevant and the mandate of 8 U.S.C. § 1326(d) has been ignored.