UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4966

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ORLANDO GONZALEZ LOZA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00085-MR-DLH-1)

Submitted: July 28, 2014        Decided: August 1, 2014

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orlando Gonzalez Loza appeals from the fifty-seven month sentence imposed by the district court following his guilty plea to illegal reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2012). Loza's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether the district court committed procedural error in calculating Loza's criminal history score and whether the district court abused its discretion by not giving Loza credit for time served on his state sentence. Loza was notified of his right to file a supplemental pro se brief but has not done so. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). The court "first ensur[es] that the district court committed no significant procedural error, such as failing to [properly] calculate . . . the Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." Id. at 51. If the Court finds the sentence procedurally reasonable, it also must examine the substantive reasonableness of the sentence, considering "the totality of the circumstances." Id. We apply a presumption of reasonableness to a sentence within the

properly calculated Guidelines range. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

First, Loza argues that the district court improperly assessed three criminal history points for his state drug conviction for which he was serving time when he was federally indicted. Specifically, Loza argues that, because his state drug trafficking offenses occurred during the commission of the illegal reentry, they are relevant conduct under U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) (USSG) (2012), and therefore could not be assessed criminal history points pursuant to USSG § 4A1.2(a)(1). Prior offenses are part of the same course of conduct if "they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." United States v. Hodge, 354 F.3d 305, 313 (4th Cir. 2004) (quoting USSG § 1B1.3 cmt. n.9(B)). Factors to be considered "include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." Id. (quoting USSG § 1B1.3 cmt. n.9(B)). We conclude that Loza's state conviction for felony cocaine trafficking is not relevant conduct as to his illegal reentry because the two crimes are materially different and they were not part of a common scheme or plan.

Loza correctly observes that illegal reentry is an ongoing crime that begins upon entry and continues until the alien's discovery by authorities. See United States v. Ruelas-Arreguin, 219 F.3d 1056, 1061 (9th Cir. 2000). However, contrary to Loza's argument, his commission of the state drug crime while he was committing the illegal reentry does not make the drug crime relevant conduct. See United States v. Cruz-Gramajo, 570 F.3d 1162, 1167 (9th Cir. 2009) (holding that "§ 4A1.2 does not preclude the district court from assigning criminal history points for sentences received after an illegal entry, but before an alien is found by immigration authorities"); United States v. Vargas-Garcia, 434 F.3d 345, 349-52 (5th Cir. 2005) (holding that the continuing nature of an illegal reentry offense does not prevent the district court from including other sentences in criminal history). Accordingly, we conclude that the district court did not err in assessing Loza three criminal history points for his state drug conviction.

Loza next argues that the district court abused its discretion by failing to give him credit, in the form of a downward departure or variance on his federal sentence, for time served in state custody. Specifically, Loza argues that, had the Government turned him over to federal court before the expiration of his state sentence, the district court could have imposed his sentences to run concurrently.

4

Under USSG § 5G1.3(c), in any case involving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Subsection (c) does not, however, authorize a downward departure for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. See USSG § 5C1.3 (cmt. n.3(E).

We conclude that the district court did not abuse its discretion in declining to give Loza credit for time served on the state sentence. While it is true that, if Loza had been sentenced for the current offense while he was incarcerated on the state charges, the district court could have run the federal sentence concurrent with the state sentence, any suggestion that the court would have done so in this case is mere speculation. In fact, the district court here made it clear that Loza did not deserve a discount on his federal sentence for his unrelated state sentence.

In accordance with Anders, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Loza, in writing, of the right to petition the Supreme Court of the United States for further

5

review. If Loza requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Loza.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED