**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Enrique LUNA–RODRIGUEZ,
Defendant—Appellant.**

No. 05–50812.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Sept. 20, 2006.

AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R. App. P. 34(a)(2).

Before: WALLACE, O'SCANNLAIN, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Luna–Rodriguez appeals from the district court's denial of his motion to dismiss the indictment for violation of 8 U.S.C. § 1326, based on defects in his underlying deportation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's refusal to dismiss the indictment de novo. *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047 (9th Cir.2004). To sustain a collateral attack on the validity of a deportation order under section 1326(d), the defendant must show that (1) his "due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of those defects." *Id.* at 1048, quoting *United States v. Zarate–Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998).

■ The government concedes that Luna–Rodriguez's due process rights were violated at the underlying proceeding by the immigration judge's failure to advise him of his eligibility for discretionary waiver of deportation by the Attorney General under former section 212(c) of the Immigration and Nationality Act. At issue is whether Luna–Rodriguez was prejudiced by this violation.

To show prejudice in this context, Luna–Rodriguez "must make a 'plausible' showing that the facts presented would cause the Attorney General to *exercise discretion* in his favor." *United States v. Arce–Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998) (emphasis added); *see also United States v. Corrales–Beltran*, 192 F.3d 1311, 1316 (9th Cir.1999).

Luna–Rodriguez had a prior conviction for possession of cocaine with intent to distribute, an aggravated felony, and had jumped bail. He points to his business and family ties in the United States in arguing that waiver was "plausible." In light of his criminal record, however, he has not made a "plausible" showing that these facts "would cause the Attorney General to exercise discretion in his favor." Thus, we affirm the district court's denial of Luna–Rodriguez's motion to dismiss the indictment.

■ Luna–Rodriguez also argues that the Confrontation Clause was violated by the district court's admission of (1) his foreign birth certificate and (2) the related attestations by a U.S. consular official and a Mexican official as to the birth certificate's authenticity. We review this argument de novo. *United States v. Weiland*, 420 F.3d 1062, 1076 n. 11 (9th Cir.2005).

The Confrontation Clause is implicated only by testimonial evidence. *See Crawford v. Washington*, 541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *United States v. Bahena–Cardenas*, we held that the "routine, objective, cataloging of an unambiguous factual matter" such as a birth certificate is not testimonial. 411 F.3d 1067, 1075 (9th Cir.2005). Similarly, in *Weiland*, we held that the Confrontation Clause was not implicated by "a routine attestation to authority and signature, such as that provided by the Secretary of State." 420 F.3d at 1077. Therefore, the district court correctly determined that the Confrontation Clause is not implicated by either the admission of Luna–Rodriguez's Mexican birth certificate or its attached attestations.

■ Finally, Luna–Rodriguez unpersuasively argues that 8 U.S.C. § 1326(b) is

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law. We review violations of *Apprendi* de novo. *United States v. Smith,* 282 F.3d 758, 771 (9th Cir.2002). In contrast to Luna–Rodriguez's assertions, in *United States v. Ochoa–Gaytan,* we held that *Apprendi* "unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez–Torres.*" 265 F.3d 837, 845–46 (9th Cir.2001), quoting *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). Moreover, in *Weiland,* 420 F.3d at 1080 n. 16, we stated that we are bound to follow a controlling Supreme Court precedent such as *Almendarez–Torres* "until it is explicitly overruled by that Court."

**AFFIRMED.**