**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN FRANCISCO-PEGUERO,

        Defendant - Appellant.

No. 10-50508

D.C. No. 3:09-cr-04207-DMS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted October 13, 2011
Pasadena, California

Before: GOODWIN and WARDLAW, Circuit Judges, and SESSIONS, District
Judge.[**]

    Juan Francisco-Peguero ("Francisco"), a native and citizen of Mexico,

appeals the district court's imposition of a seventy-month sentence, following his

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

1

conviction for illegal reentry after deportation under 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

1. The district court did not abuse its discretion in applying U.S.S.G. § 4A1.1(e), which adds one criminal history point when the offense of conviction was committed within two years of the defendant's release from imprisonment. The district court sentenced Francisco on October 15, 2010 under the 2009 version of § 4A1.1(e), which was not effectively repealed until November 1, 2010, U.S.S.G. app. C. at 356 (2010). *See* 18 U.S.C. § 3553(a)(4)(A)(ii) (providing that the sentencing court shall consider the guidelines that "are in effect on the date the defendant is sentenced"). We have considered and rejected the argument that the repeal of § 4A1.1(e) applies retroactively. *See United States v. Ruiz-Apolonio*, No. 10-50306, 2011 WL 4060803, at *7–8 (9th Cir. Sept 14, 2011).

2. Although the district court erred in assigning Francisco an additional criminal history point under § 4A1.1(e), Francisco failed to object at the time of sentencing, so we review for plain error. *See United States v. Burgum*, 633 F.3d 810, 812 (9th Cir. 2011) (citing *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010)). We may correct only "a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Olano*, 507 U.S. 725, 736

2

(1993). Here, even if the district court had not assigned the additional criminal history point, Francisco would have remained in the same criminal history category and thus received the same sentence. Therefore, because Francisco's substantial rights were not affected, the district court did not commit plain error.

3. The district court did not err in assigning Francisco two additional criminal history points under U.S.S.G. § 4A1.1(d) for having committed an offense while under parole. Francisco was arrested for the instant offense while on parole for his 2002 firearm felony—in fact, he was initially taken into state custody on the basis of that parole violation—thus, his criminal history score was properly increased by two points under § 4A1.1(d).

4. The district court's sixteen-level upward adjustment of Francisco's offense level for prior drug trafficking offenses pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) was substantively reasonable. Because *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), does not control here, the district court did not plainly err.

In *Amezcua-Vasquez*, we explicitly warned against applying our decision too broadly, noting that "[t]he scope of our decision is limited . . . . We make no pronouncement as to the reasonableness of a comparable sentence were Amezcua's conviction more recent, the sentence resulting from the prior conviction more

3

severe or 'the need . . . to protect the public from further crimes of the defendant' otherwise greater.'" 567 F.3d at 1058 (quoting 18 U.S.C. § 3553(a)(2)(C)). Here, Francisco's prior drug convictions are significantly more recent – eleven and thirteen years old, respectively, at the time of sentencing. And, unlike *Amezcua-Vasquez* where there was no subsequent criminal history, Francisco has multiple subsequent convictions for drug trafficking offenses as well as for a DUI and firearm-related offense.

5. The district court's sentence was substantively reasonable under 18 U.S.C. § 3553(a). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Ruiz-Apolonio*, 2011 WL 4060803, at *2 (citations omitted). Lengthy explanations of decisions, however, are not necessary if "the record makes clear that the sentencing judge considered the evidence and arguments." *Rita v. United States*, 551 U.S. 338, 359 (2007).

Here, the district court considered the § 3553(a) factors at the sentencing hearing, discussing explicitly the applicable statutory factors, mitigating facts, criminal history, and arguments of counsel. Ultimately, the district court imposed a sentence of seventy months, a variance of thirty months below the low end of the guidelines range and fourteen months below the government's recommendation.

6. The record reflects, however, that the district court misapprehended the law by failing to recognize that Francisco was eligible for a two-point reduction in his offense level under U.S.S.G. § 3E1.1(a), despite exercising his right to proceed to trial. § 3E1.1(a), cmt. n.2.[1] Even "'a defendant who contests his factual guilt may . . . be entitled to the [§ 3E1.1] adjustment.'" *United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002) (quoting *United States v. Mohrbacher*, 182 F.3d 1041, 1042 (9th Cir. 1999)); *see also United States v. Ochoa-Gaytan*, 265 F.3d 837, 843 (9th Cir. 2001) ("[A] defendant's choice to exercise the constitutional right to trial . . . does not automatically make the defendant ineligible for the [§ 3E1.1] adjustment").

Because the district court did not squarely rely on any other basis in the record for denying Francisco the reduction, we vacate his sentence and remand to the district court to consider Francisco's eligibility for the reduction. *See Cortes*, 299 F.3d 1039 (remanding to allow district court to "fully explicate the issue in the first instance" where unclear if district court relied on anything beyond the defendant's decision to go to trial in denying the §3E1.1 adjustment).

---

[1] Although the Guidelines enumerate two situations in which this is particularly true—where a defendant goes to trial "to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct," § 3E1.1(a), cmt. n.2—we have held that this list is not exhaustive. *United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002).

5

**AFFIRM in part, REVERSE in part, VACATE and REMAND for resentencing.**